## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2812 | **DATE** | 6/9/2008 |
| **CASE TITLE** | John Woodard vs. Bank of New York | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, plaintiff's motion to proceed *In Forma Pauperis* [4] is denied as moot. The case is dismissed without prejudice. Civil Case Terminated.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, John Woodard ("Woodard") filed a complaint against the Bank of New York ("Bank"). He concurrently filed a motion to proceed *In Forma Pauperis*, that is without payment of court fees and costs. *See* 28 U.S.C. § 1915(a). Before the court grants a motion for *In Forma Pauperis*, it may review the case to determine whether it states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court liberally construes the allegations of a *pro se* plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Woodard alleges that the Bank attempted to foreclose on his home despite not having proof it was the holder of the note or mortgage. Woodard alleges that the Bank's actions constitute perjury, extortion, and fraud. He asks the court to grant him damages pursuant to 18 U.S.C. §§ 3571(c)(3), *id.* (c)(5). However, § 3571 is a criminal statute that allows a court to sentence a defendant who has been found guilty of an offense to pay a fine. *See id.* 3571(a). The U.S. Government prosecutes organizations for crimes; the general public has no such power and the court has found no evidence that a private right of action exists under 18 U.S.C. § 3571. Woodard alleges no deprivation of life, liberty or property by the federal government action to justify his Fifth Amendment claim. Additionally, the tort of fraud that Woodard alleges normally arises under state law. Woodard does not allege diverse citizenship or the amount in controversy necessary for the court to adjudicate a state law claim. Therefore, to the extent that Woodard may have a colorable claim, about which the court makes no determination, he has failed to plead sufficient facts for the court to exercise subject matter jurisdiction. Therefore, the case is dismissed without prejudice. Consequently, the court denies Woodard's application to proceed *in forma pauperis* as moot.

| | Courtroom Deputy Initials: | RJ/DAM |
|---|---|---|